UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 06-275

DWAYNE BOGEN                                SECTION: R

**ORDER AND REASONS**

Before the Court is Dwayne Bogen's motion for reconsideration of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).[1] For the following reasons, the Court denies Bogen's motion.

On December 17, 2007, Bogen pled guilty to a Bill of Information charging him with being a felon in possession of a firearm and with three counts of distribution of cocaine base.[2] One of the drug counts charged distribution of 50 grams of cocaine base.[3] At the time of Bogen's sentencing, the mandatory minimum sentence for that offense was 120 months in prison, and the permissible sentencing range under the United States Sentencing Guidelines was thus restricted at the low end to 120 months. *See* U.S.S.G. § 5G1.1(b). Bogen was sentenced to the statutory minimum of 120 months imprisonment.[4]

In 2010, the quantity of cocaine base required to trigger the ten-year mandatory minimum was increased from 50 grams to 280

---

[1]     R. Doc. 56.

[2]     R. Doc. 48.

[3]     *Id.*

[4]     R. Doc. 48 at 2.

grams by the Fair Sentencing Act (FSA) of 2010, Pub. L. No. 111-220, 124 Stat. 2372. *See generally Dorsey v. United States*, 132 S.Ct. 2321 (2012) (discussing the history and operation of the FSA). Because Bogen was charged with distributing less than 280 grams of cocaine base, the ten-year mandatory minimum would not have applied to him had he been sentenced after the passage of the FSA. *See Dorsey*, 132 S.Ct. at 2335 (holding that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders").

On June 13, 2013, Bogen filed a Motion for Retroactive Application of the Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2),[5] which provides that a court may reduce a term of imprisonment imposed on a defendant who was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Bogen contended that the Fair Sentencing Act's reduction of the mandatory minimum sentences for crack-related offenses constitutes a lowering of a sentencing range under § 3582(c)(2), and suggested that a contrary interpretation would violate the Equal Protection Clause. He accordingly asked the Court to retroactively reduce his sentence. The Court denied Bogen's motion on July 10, 2013.[6] On July 26, Bogen filed the instant motion for reconsideration of the Court's July 10 Order.

---

[5]     R. Doc. 52.

[6]     R. Doc. 55.

2

Bogen renews his argument that it would be a violation of the Equal Protection Clause for the FSA to not operate retroactively as to his sentence.[7] But the Supreme Court noted in *Dorsey* that "in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." 132 S.Ct. at 2335. The Court acknowledged that, in the context of the FSA, this rule will cause pre-Act offenders sentenced before the passage of the Act to be sentenced more harshly than pre-Act offenders sentenced after the passage of the Act, but it explained that this disparity, far from being an Equal Protection problem, "reflect[s] a line-drawing effort" and "will exist whenever Congress enacts a new law changing sentences." *Id.* Following this language from *Dorsey*, the Fifth Circuit has expressly held that the new, lower mandatory minimums enacted as part of the FSA do not retroactively apply to defendants sentenced before the passage of the Act. *United States v. Kelly*, 716 F.3d 180, 181-82 (5th Cir. 2013) (citing *Dorsey*, 132 S.Ct. at 2335).

*Dorsey* and *Kelly* are fatal to Bogen's statutory and constitutional arguments. Because Bogen was sentenced in 2007, the 120-month mandatory minimum sentence in effect at that time still applies to his offense, notwithstanding the passage of the

---

[7]     R. Doc. 56 at 3-5.

FSA. The Court may not reduce his sentence pursuant to

§ 3582(c)(2). Accordingly, Bogen's motion for reconsideration is

DENIED.

New Orleans, Louisiana, this 30th day of August, 2013.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

4