```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

UNITED STATES OF AMERICA                      CRIMINAL ACTION

VERSUS                                        NO: 06-275

DWAYNE BOGEN                                  SECTION: R


**ORDER AND REASONS**

Before the Court is petitioner Dwayne Bogen's motion to proceed *in forma pauperis* on appeal.[1] Because the Court finds that his appeal is not taken in good faith, the Court DENIES Bogen's motion.

**I. BACKGROUND**

On December 17, 2007, Bogen pled guilty to a Bill of Information charging him with being a felon in possession of a firearm and with three counts of distribution of cocaine base.[2] One of the drug counts charged distribution of 50 grams of cocaine base.[3] At the time of Bogen's sentencing, the mandatory minimum sentence for that offense was 120 months in prison, and the permissible sentencing range under the United States Sentencing Guidelines was thus restricted at the low end to 120

---

[1]  R. Doc. 61.

[2]  R. Doc. 48.

[3]  *Id.*

months. *See* U.S.S.G. § 5G1.1(b). Bogen was sentenced to the statutory minimum of 120 months imprisonment.[4]

In 2010, the quantity of cocaine base required to trigger the ten-year mandatory minimum was increased from 50 grams to 280 grams by the Fair Sentencing Act (FSA) of 2010, Pub. L. No. 111-220, 124 Stat. 2372. *See generally Dorsey v. United States*, 132 S.Ct. 2321 (2012) (discussing the history and operation of the FSA). Because Bogen was charged with distributing less than 280 grams of cocaine base, the ten-year mandatory minimum would not have applied to him had he been sentenced after the passage of the FSA. *See Dorsey*, 132 S.Ct. at 2335 (holding that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders").

On June 13, 2013, Bogen filed a Motion for Retroactive Application of the Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2),[5] which provides that a court may reduce a term of imprisonment imposed on a defendant who was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Bogen contended that the Fair Sentencing Act's reduction of the mandatory minimum sentences for crack-related offenses constitutes a lowering of a sentencing range under § 3582(c)(2), and suggested that a contrary interpretation

---

    [4]    R. Doc. 48 at 2.

    [5]    R. Doc. 52.

months. *See* U.S.S.G. § 5G1.1(b). Bogen was sentenced to the statutory minimum of 120 months imprisonment.[4]

In 2010, the quantity of cocaine base required to trigger the ten-year mandatory minimum was increased from 50 grams to 280 grams by the Fair Sentencing Act (FSA) of 2010, Pub. L. No. 111-220, 124 Stat. 2372. *See generally Dorsey v. United States*, 132 S.Ct. 2321 (2012) (discussing the history and operation of the FSA). Because Bogen was charged with distributing less than 280 grams of cocaine base, the ten-year mandatory minimum would not have applied to him had he been sentenced after the passage of the FSA. *See Dorsey*, 132 S.Ct. at 2335 (holding that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders").

On June 13, 2013, Bogen filed a Motion for Retroactive Application of the Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2),[5] which provides that a court may reduce a term of imprisonment imposed on a defendant who was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Bogen contended that the Fair Sentencing Act's reduction of the mandatory minimum sentences for crack-related offenses constitutes a lowering of a sentencing range under § 3582(c)(2), and suggested that a contrary interpretation

---

    [4]    R. Doc. 48 at 2.

    [5]    R. Doc. 52.

would violate the Equal Protection Clause. He accordingly asked the Court to retroactively reduce his sentence. The Court denied Bogen's motion on July 10, 2013.[6] On August 30, 2013, the Court denied Bogen's motion to reconsider the July 10 Order.[7]

Bogen filed a notice of appeal on September 12, 2013, advising his intention to appeal the Court's denial of his motion for sentence reduction.[8] He now moves to proceed with his appeal *in forma pauperis*.

**II. STANDARD**

A litigant who wishes to proceed with an appeal *in forma pauperis* must submit an affidavit stating that he is unable to pay the appellate fees, along with a statement of the issues that he intends to present on appeal. *See* 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a)(2). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *See Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir. 1988); *Williams v. Estelle,* 681 F.2d 946, 947 (5th Cir. 1982).

Before granting a motion for leave to appeal *in forma pauperis*, the district court must inquire as to whether the costs of appeal would cause an undue financial hardship. *Prows,* 842

---

[6]  R. Doc. 55.

[7]  R. Doc. 59.

[8]  R. Doc. 60.

F.2d at 140; *see also Walker v. Univ. of Tex. Med. Branch,* No. 08-417, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008) ("The term 'undue financial hardship' is not defined and, therefore, is a flexible concept. However, a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'") (quoting *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)). The court must also ensure that the appeal is taken in good faith. 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)(3)(A). "'Good faith' is demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). A determination of an IFP movant's good faith, "while necessitating a brief inquiry into the merits of the appeal," is "limited to whether the appeal involves legal points arguable on their merits." *United States v. Misher*, 401 F. App'x 981, 981 (5th Cir. 2010) (quoting *Howard*, 707 F.2d at 220). "A complaint is frivolous if it lacks an arguable basis either in law or in fact." *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003) (citing *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992)).

**III. DISCUSSION**

Bogen's motion to proceed in forma pauperis indicates that

4

his current inmate account balance is $3.16, and his average daily balance for the previous six months is $64.20. The Court therefore finds that Bogen is unable to pay the costs of an appeal.

Nonetheless, Bogen's motion must be denied, because the Court finds that he has failed to state a nonfrivolous ground for appeal. In his motion for a sentence reduction, Bogen argued that the Fair Sentencing Act's reduction of the mandatory minimum sentences for crack-related offenses constitutes a lowering of a sentencing range under § 3582(c)(2), and suggested that a contrary interpretation would violate the Equal Protection Clause. As explained in the Court's Order denying Bogen's motion for reconsideration,[9] this argument is unambiguously foreclosed by binding Fifth Circuit precedent. *See United States v. Kelly*, 716 F.3d 180, 180-82 (5th Cir. 2013) (holding that the FSA's lower mandatory minimums do not apply to defendants who were sentenced before the effective date of the FSA). The Fifth Circuit based this holding on the Supreme Court's observation in *Dorsey* that, under the FSA, pre-Act offenders sentenced before the passage of the FSA will have harsher sentences than pre-Act offenders sentenced after the passage of the FSA. *See Dorsey*, 132 S.Ct. at 2335. The *Dorsey* Court explained that this disparity, far from being an Equal Protection problem, "reflect[s] a line-

---

[9]   *See* R. Doc. 59 at 3-4.

drawing effort" and "will exist whenever Congress enacts a new law changing sentences." *Id.*

Bogen was sentenced in 2007, long before the passage of the FSA. Thus, under *Dorsey* and *Kelley*, the 120-month mandatory minimum sentence in effect in 2007 still applies to his offense. Bogen's contentions to the contrary do not have an arguable basis in law or fact. His appeal is therefore frivolous.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES petitioner's motion to proceed *in forma pauperis* on appeal.

New Orleans, Louisiana, this 1st day of November, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE